# AMENDED EXHIBIT 1

Susan Rotkis, VSB 41693
PRICE LAW GROUP, APC
2290 E. Speedway Blvd.
Tucson, AZ 85719
T: 818.600.5533
F: 818.600.5433
susan@pricelawgroup.com

*Attorneys for Debtor Brandy N. Penny*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA (RICHMOND)

| | |
|---|---|
| IN RE: | Case No.: 20-32040-KLP |
| Brandy N. Penny, | CHAPTER 7 |
| Debtor. | |

## DEBTOR'S MOTION FOR ORDER TO SHOW CAUSE

Debtor Brandy N. Penny ("Ms. Penny") hereby moves for an order for creditor Sleep Disorder Center of Fredericksburg, PLC ("SDCF") to appear and show cause: a) why SDCF should not be held in civil contempt for multiple willful violations of the Court's discharge injunction entered in this proceeding; and b) why sanctions, including awards of actual and punitive damages and attorney's fees and costs, should not be

1

imposed on SCDF.  This Motion is supported by the accompanying Memorandum of

Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    <u>STATEMENT OF FACTS.</u>

1.  On October 18, 2019, Ms. Penny visited Pulmonary Associates of

Fredericksburg ("Pulmonary Associates") for medical care in its offices located at 521 Park

Hill Drive in Fredericksburg.  Ms. Penny submitted to a sleep study as part of that medical

care. [Declaration of Brandy N. Penny, attached as Exhibit A hereto, at ¶ 1].

2.  Unbeknownst to Ms. Penny at the time, Pulmonary Associates did not conduct

the sleep study.  Instead, SDCF apparently conducted the sleep study at the same 521 Park

Hill Drive address. [*Id*. at ¶ 2].

3.  Ms. Penny subsequently fell on hard times.  On April 23, 2020, Ms. Penny filed

for Chapter 7 Bankruptcy protection in this Court. [ECF Doc. No. 1].

4.  Ms. Penny listed Pulmonary Associates in her debt schedules, but did not list

SDCF because she was not cognizant that SDCF had rendered any services to her. [*Id*. at

28; Exh. A at ¶ 3].

5.  The Bankruptcy Noticing Center promptly mailed a notice of the bankruptcy

filing to Pulmonary Associates at the 521 Park Hill Drive address on April 26, 2020. [ECF

Doc. No. 5].

6.   On August 10, 2020, the Court entered its Discharge Order for Ms. Penny, and the Bankruptcy Noticing Center promptly mailed a copy of the Order to Pulmonary Associates at the 521 Park Hill Drive address. [ECF Doc. No. 21].

7.   During the summer of 2020, SDCF began mailing account statements to Ms. Penny demanding payment of $122.72 for the sleep study services rendered in October 2019.  [Exh. A at ¶ 4].

8.   Ms. Penny was surprised to receive the account statements.  Ms. Penny had believed that any amounts owed for the sleep study services had been owed to Pulmonary Associates.  Regardless, Ms. Penny had believed that any amount owed to *anyone* for the sleep study services had been discharged. [*Id.* at ¶ 5].

9.   After unsuccessfully attempting several times to get in contact with SDCF at the 540-899-1615 phone number identified in SDCF's account statements, Ms. Penny finally got in touch with an SDCF representative on December 22, 2020.  During that four-minute phone call, Ms. Penny explained that she had received a Chapter 7 bankruptcy discharge and no longer owed SDCF anything for its services.  Ms. Penny further identified her bankruptcy counsel (Conway Law Firm) for SDCF to contact with questions. [*Id*. at ¶¶ 6, 8].

10. SDCF did not care.  SDCF's representative rebuffed Ms. Penny's attempt to provide the phone number for her bankruptcy counsel, quizzically asserted that Pulmonary

Associates was a separate entity from SDCF, and arrogantly indicated that SDCF would continue to send account statements to Ms. Penny. [*Id.* at ¶¶ 7, 8].

11. True to its word, SDCF mailed another account statement to Ms. Penny, dated February 5, 2021. [*Id.* at ¶ 9].

12. Ms. Penny thereafter engaged litigation counsel to deal with SDCF.  Through that litigation counsel, Ms. Penny sent a demand letter to SDCF on March 22, 2021.  In the letter, Ms. Penny: a) explained that any debt that had been owed to SDCF had been discharged; and b) demanded that SDCF cease violating the Court's Discharge Order and compensate her for the Discharge Order violations. [*Id.* at ¶ 10].

13. SDCF did not bother to respond to the demand letter.  Instead, SDCF mailed another violative account statement to Ms. Penny dated April 16, 2021, again demanding payment of $122.72. [*Id.* at ¶ 11].

14. Ms. Penny's litigation counsel sent a follow up letter to SDCF on April 27, 2021.  SDCF again did not respond, but has since ceased sending account statements to Ms. Penny. [*Id.* at ¶¶ 12-13].

II.    **ARGUMENT.**

   A.    **SDCF Clearly Violated the Court's Discharge Order.**

Subject to specific exceptions set forth in the bankruptcy code (which are not applicable here), a Chapter 7 discharge order "discharges the debtor from ***all*** [pre-petition]

debts . . . ." 11 U.S.C. § 727(b) (emphasis added). 11 U.S.C. § 524(a)(2), furthermore,

provides that a discharge order:

> operates as an injunction against . . . an act to collect . . . any such
> debt as a personal liability of the debtor, . . . .

Here, SDCF cannot contend that Ms. Penny's pre-petition debt for SDCF's services

survived the Court's Discharge Order. Nor can SDCF dispute that its post-August 2020

issuance of its account statements to Ms. Penny constituted acts to collect a discharged

debt in violation of the Discharge Order.

## B.    The Court Should Hold SDCF Liable for Civil Contempt Sanctions.

A creditor who willfully violates a discharge injunction can be held liable for civil

contempt. *See Taggart v. Lorenzen*, 139 S.Ct. 1795 (2019). A discharge violation is

considered willful if the subject creditor was aware of the discharge order and had no

objectively reasonable basis to believe its conduct was permissible. *Cherry v. Arendall (In

re Cherry)*, 247 B.R. 176, 186-87 (Bankr. E.D. Va. 2000); *Taggart*, 139 S.Ct. at 1802.

Here, there was no objectively reasonable basis for SDCF to send ***any*** account

statements to Ms. Penny.

As for notice of Ms. Penny's bankruptcy discharge, Ms. Penny made SDCF aware

during her December 22, 2020 phone call to SDCF (at the latest).[1] To the extent that

---

[1]  SDCF actually may have become aware of Ms. Penny's bankruptcy discharge even
earlier. The billing personnel for SDCF may be the same Pulmonary Associates billing
personnel (working at the same 521 Park Hill Drive address) who received notice of Ms.
Penny's bankruptcy from the Bankruptcy Noticing Center during the April to August 2020
timeframe.

SDCF may dispute such notice, it simply strains all credulity to believe that Ms. Penny somehow neglected to mention her bankruptcy during that four minute phone call. [*See* Exh. A, Exh. 2].   Regardless, SDCF indisputably became aware of Ms. Penny's bankruptcy discharge when it received Ms. Penny's March 22, 2021 demand letter (*i.e.*, before SDCF mailed its April 16, 2021 account statement to Ms. Penny).

The Court accordingly should: a) hold that SDCF willfully violated the Court's discharge injunction when it mailed its February 5, 2021 and April 16, 2021 account statements to Ms. Penny; and b) issue contempt sanctions therefor.

## C.  Substantial Civil Contempt Sanctions Should be Imposed.

### 1.  The Court Should Impose Sanctions for Debtor's Emotional Distress.

As a civil contempt sanction for violations of a discharge injunction, courts may award actual damages to a debtor, including compensation for emotional distress. *See Taggart*, 139 S.Ct. at 1800; *United States v. Rivera Torres*, 309 B.R. 643, 648-49 (1st Cir. BAP 2004).  As one leading authority has stated, emotional distress damages

> are just as real and sometimes far more serious than damage to
> property interests.

4 *Collier on Bankruptcy* ¶ 524.02[c].

Here, Ms. Penny was deeply frustrated and upset when she kept receiving the violative account statements asserting that she still owed a debt to SDCF.  Indeed, the violative account statements repeatedly served to remind Ms. Penny of the worst time of her life while she was attempting the "fresh start" which the discharge

injunction/bankruptcy law is designed to provide and she lost sleep worrying about what SDCF was doing. [Exh. A at ¶ 14; *see also* Declarations of Sandy Penny and Durwood Penny, attached as Exhibits B and C].

In fact, Ms. Penny is the proverbial eggshell plaintiff in that regard.  Ms. Penny has struggled for several years to control problems with anxiety stemming from her difficult financial situation (and has engaged in therapy to do so). [Exh. A at ¶ 15].  The Court therefore should enter a substantial award to Ms. Penny for her emotional distress caused by SDCF's discharge injunction violations. *Accord, In re Banks*, 577 B.R. 659, 668 (Bankr. E.D. Va. 2017) (awarding $2,500.00 in emotional distress damages where debtor suffered anxiety from improper garnishment and testified that he had become depressed because his fresh start had been frustrated).

> 2.   The Court Should Also Impose Punitive Damages.

Bankruptcy courts may impose punitive damages against a creditor for a "clear disregard of the bankruptcy laws." *See Cherry*, 247 B.R. at 189-90.  SDCF's arrogant election to send another account statement to Ms. Penny after receiving her March 22, 2021 demand letter certainly fits that bill.  The Court should award a punitive damages amount appropriate to achieve the goal of deterring similar conduct by SDCF in the future. *See In re Banks*, 577 B.R. at 669-70 (noting deterrence goal in connection with imposing punitive damages for a stay violation).

3.    <u>The Court Should Also Award Attorney's Fees and Costs.</u>

Bankruptcy courts may also award a debtor her attorney's fees and costs incurred

in remedying a discharge violation. *See Taggart*, 139 S.Ct. at 1800; *Cherry*, 247 B.R. at

188-89.  The policy underlying this principle is sound:

> . . . [t]he failure to award attorney's fees would leave a debtor
> who litigated to remedy a violation worse off than if the
> injunction had not been violated and would discourage
> vindication of the discharge.

4 *Collier on Bankruptcy* ¶ 524.02[c].

Here, Ms. Penny incurred substantial attorney's fees for her counsel to investigate

her claim and prepare the aforementioned March 22, 2021 demand letter.  Because SDCF

ignored the demand letter and continued to send account statements, Ms. Penny has

incurred additional attorney's fees and costs related to: a) the preparation of the follow up

letter; and b) the preparation and filing of this Motion and related papers.  As such, the

Court should also enter a substantial award to Ms. Penny for her reasonable attorney's

fees and costs incurred.[2]

---

[2]  Ms. Penny will provide an itemization of her attorney's fees and costs incurred upon an invitation from the Court. *See In re Banks*, 577 B.R. at 662 (advising Debtor's counsel to submit fee application after hearing was conducted).

III.    **<u>CONCLUSION</u>.**

For the foregoing reasons, the Court should issue an order directing that SDCF appear and show cause why: a) it should not be held in civil contempt for willfully violating the Court's Discharge Order; and b) sanctions, including an award of damages (both actual and punitive) and an award of attorney's fees and costs incurred, should not be entered against SDCF therefor.

Respectfully submitted this 8th day of November, 2021.

**PRICE LAW GROUP, APC**

By: *<u>/s/ Susan Rotkis</u>*
Susan Rotkis, VSB 41693
2290 E. Speedway Blvd.
Tucson, AZ 85719
T: 818.600.5533
F: 818.600.5433
susan@pricelawgroup.com

*Attorneys for Debtor Brandy N. Penny*

# EXHIBIT A

Susan Rotkis, VSB 41693
PRICE LAW GROUP, APC
382 S. Convent Avenue
Tucson, AZ 85701
T: 818.600.5533
F: 818.600.5433
susan@pricelawgroup.com

*Attorneys for Debtor Brandy N. Penny*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA (RICHMOND)

| | |
|---|---|
| IN RE:<br><br>Brandy N. Penny,<br><br>          Debtor. | Case No.: 20-32040-KLP<br><br>CHAPTER 7<br><br>**DECLARATION OF BRANDY N. PENNY** |

Brandy N. Penny, under penalty of perjury, hereby declares that the following is true and correct:

1.  On or about October 18, 2019, I visited Pulmonary Associates of Fredericksburg ("Pulmonary Associates") for medical care in its offices located at 521 Park Hill Drive in Fredericksburg.  As part of that medical care, I submitted to a sleep study in the same building.

1

2.  Unbeknownst to me at the time, Pulmonary Associates did not conduct the sleep study.  Instead, Sleep Disorder Center of Fredericksburg ("SDCF") apparently conducted the sleep study at the same 521 Park Hill Drive address.

3.  I listed Pulmonary Associates in my bankruptcy petition debt schedules, but did not list SDCF because I was not cognizant that SDCF had rendered any services to me.

4.  During the summer of 2020, SDCF began mailing account statements to me demanding payment of $122.72 for the sleep study services rendered in October 2019.  A true and correct copy of one such account statement (dated December 4, 2020) is attached as Exhibit 1 hereto.

5.  I was surprised to receive the account statements.  I had believed that any amounts owed for the sleep study services had been owed to Pulmonary Associates.  Regardless, I had believed that any amount owed to *anyone* for the sleep study services had been discharged in my prior bankruptcy.

6.  After unsuccessfully attempting several times to get in contact with SDCF at the 540-899-1615 phone number identified in SDCF's account statements, I finally got in touch with an SDCF representative on December 22, 2020.  During that four-minute phone call, I explained that I had received a Chapter 7 bankruptcy discharge and no longer owed SDCF anything for its services.  I further identified my bankruptcy counsel (Conway Law Firm) for SDCF to contact with questions.

- 2 -

7. SDCF's representative rebuffed my attempt to provide the phone number for her bankruptcy counsel, quizzically asserted that Pulmonary Associates was a separate entity from SDCF, and arrogantly indicated that SDCF would continue to send account statements to me.

8. A true and correct screen shot of my redacted cell phone records reflecting the December 22, 2020 call is attached as Exhibit 2 hereto.

9. SDCF mailed another account statement to me, dated February 5, 2021. A true and correct copy of that account statement is attached as Exhibit 3 hereto.

10. I thereafter engaged litigation counsel to deal with SDCF. Through that litigation counsel, I sent a demand letter to SDCF on March 22, 2021. In the letter, we: a) explained that any debt that had been owed to SDCF had been discharged; and b) demanded that SDCF cease violating the Court's Discharge Order and compensate me for the Discharge Order violations. A true and correct copy of that demand letter (without exhibits) is attached as Exhibit 4 hereto.

11. SDCF did not respond to the demand letter. Instead, SDCF mailed another account statement to me dated April 16, 2021, again demanding payment of $122.72. A true and correct copy of that account statement is attached as Exhibit 5 hereto.

12. My litigation counsel sent a follow up letter to SDCF on April 27, 2021. A true and correct copy of that follow up letter (without enclosures) is attached as Exhibit 6 hereto.

13. SDCF again did not respond, but has not since sent an account statement to me.

- 3 -

14. I was deeply frustrated and upset when I kept receiving SDCF's account statements asserting that I still owed a debt to SDCF following my bankruptcy. The account statements repeatedly served to remind me of the worst time of my life while I was attempting my "fresh start." The violative account statements also made me lose sleep worrying about what SDCF was doing.

15. I have struggled for several years to control problems with anxiety stemming from my difficult financial situation (and have engaged in therapy to do so).


Respectfully submitted this 28 day of October, 2021.


By: _____
    Brandy N. Henry

# EXHIBIT 1

Sleep Disorder Center of Fredericksburg
521 Park Hill Dr
Fredericksburg VA 22401-3377

ANY QUESTIONS PLEASE CALL: 540-899-1615
OFFICE HOURS: 8:30 am - 4:30 pm
paofred.com
TAX-ID: ████645

PATIENT: BRANDY PENNY

BRANDY PENNY
6301 BRACK PENNY RD
RALEIGH NC    27603-8373

IF PAYING BY VISA, MASTERCARD, DISCOVER OR AMERICAN EXPRESS, FILL OUT BELOW

☐ VISA   ☐ MASTERCARD   ☐ DISCOVER   ☐ AMER EXP

ACCOUNT NO.
████9643

| STATEMENT DATE | PAY THIS AMOUNT |
| --- | --- |
| 2020-12-04 | 122.72 |

SHOW AMOUNT
PAID HERE      $

MAKE CHECKS PAYABLE / REMIT TO:

Sleep Disorder Center of Fredericksburg
521 Park Hill Dr
Fredericksburg VA 22401-3377

# EXHIBIT 2

**IPHONE 11 SO**

# Talk activity (cont.)

| Date | Time | Number | Origination | Destination | Min. | Airtime Charges |
|------|------|--------|-------------|-------------|------|-----------------|
| Dec 18 | 7:23 PM | | Raleigh, NC | Incoming, CL | 1 | -- |
| Dec 18 | 7:50 PM | | Raleigh, NC | Raleigh, NC | 10 | -- |
| Dec 19 | 10:30 AM | | Raleigh, NC | Raleigh, NC | 4 | -- |
| Dec 19 | 10:33 AM | | Raleigh, NC | Raleigh, NC | 1 | -- |
| Dec 19 | 11:27 AM | | Raleigh, NC | Incoming, CL | 2 | -- |
| Dec 19 | 1:33 PM | | Raleigh, NC | Raleigh, NC | 2 | -- |
| Dec 19 | 1:50 PM | | Garner, NC | Incoming, CL | 5 | -- |
| Dec 19 | 6:04 PM | | Raleigh, NC | Fayettevl, NC | 22 | -- |
| Dec 19 | 7:44 PM | | Raleigh, NC | Benson, NC | 2 | -- |
| Dec 20 | 10:06 AM | | Raleigh, NC | Incoming, CL | 4 | -- |
| Dec 20 | 12:31 PM | | Raleigh, NC | Incoming, CL | 1 | -- |
| Dec 20 | 5:02 PM | | Raleigh, NC | Raleigh, NC | 1 | -- |
| Dec 20 | 5:03 PM | | Raleigh, NC | Benson, NC | 2 | -- |
| Dec 20 | 5:51 PM | | Raleigh, NC | Raleigh, NC | 1 | -- |
| Dec 20 | 5:51 PM | | Raleigh, NC | Raleigh, NC | 1 | -- |
| Dec 21 | 1:44 PM | | Garner, NC | Raleigh, NC | 1 | -- |
| Dec 21 | 1:44 PM | | Garner, NC | Raleigh, NC | 1 | -- |
| Dec 21 | 2:36 PM | | Garner, NC | Raleigh, NC | 1 | -- |
| Dec 21 | 2:37 PM | | Clayton, NC | Raleigh, NC | 4 | -- |
| Dec 21 | 2:45 PM | | Garner, NC | Raleigh, NC | 2 | -- |
| Dec 21 | 2:47 PM | | Garner, NC | Incoming, CL | 4 | -- |
| Dec 21 | 3:07 PM | | Garner, NC | Raleigh, NC | 55 | -- |
| Dec 21 | 3:14 PM | | Garner, NC | Incoming, CL | 6 | -- |
| Dec 21 | 4:59 PM | | Garner, NC | Raleigh, NC | 8 | -- |
| Dec 21 | 5:16 PM | | Raleigh, NC | Raleigh, NC | 8 | -- |
| Dec 21 | 5:54 PM | | Raleigh, NC | Incoming, CL | 5 | -- |
| Dec 21 | 6:10 PM | | Raleigh, NC | Raleigh, NC | 1 | -- |
| Dec 21 | 6:11 PM | | Raleigh, NC | Incoming, CL | 4 | -- |
| Dec 21 | 6:27 PM | | Raleigh, NC | Raleigh, NC | ' | -- |
| Dec 21 | 6:38 PM | | Raleigh, NC | | | -- |
| Dec 21 | 7:05 PM | | | aleigh, NC | 4 | -- |
| | | | Raleigh, NC | Incoming, CL | 5 | -- |
| Dec 22 | 9:41 AM | | Raleigh, NC | Fayettevl, NC | 15 | -- |
| Dec 22 | 9:55 AM | | Raleigh, NC | Raleigh, NC | 4 | -- |
| Dec 22 | 9:58 AM | | Raleigh, NC | Fayettevl, NC | 34 | -- |
| Dec 22 | 10:33 AM | 540.899.1615 | Raleigh, NC | Fredecksbg, VA | 4 | -- |
| Dec 22 | 10:36 AM | 540.684.1516 | Raleigh, NC | Fredecksbg, VA | 13 | -- |

# EXHIBIT 3

Sleep Disorder Center of Fredericksburg
521 Park Hill Dr
Fredericksburg VA 22401-3377

IF PAYING BY VISA, MASTERCARD, DISCOVER OR AMERICAN EXPRESS, FILL OUT BELOW

☐ VISA   ☐ MASTERCARD   ☐ DISCOVER   ☐ AMER. EXP.

CARD NUMBER

EXP. DATE       AMOUNT

SIGNATURE

MUST INCLUDE 3 DIGIT
SECURITY CODE FROM
BACK OF CARD

ANY QUESTIONS PLEASE CALL: 540-899-1615
OFFICE HOURS: 8:30 am - 4:30 pm
paofred.com
TAX-ID████1646

PATIENT: BRANDY PENNY

| STATEMENT DATE | PAY THIS AMOUNT | ACCOUNT NO. |
|---|---|---|
| 2021-02-05 | 122.72 | ████9643 |

CHARGES AND CREDITS MADE AFTER STATEMENT
DATE WILL APPEAR ON NEXT STATEMENT.

SHOW AMOUNT
PAID HERE   $

← MAKE CHECKS PAYABLE / REMIT TO: ████

BRANDY PENNY
6301 BRACK PENNY RD
RALEIGH NC  27603-8373

131777 - 168

0001 000238

Sleep Disorder Center of Fredericksburg
521 Park Hill Dr
Fredericksburg VA 22401-3377

☐ Please check box if above address is incorrect or insurance
information has changed, and indicate change(s) on reverse side.

## STATEMENT

PLEASE DETACH AND RETURN TOP PORTION WITH
YOUR PAYMENT IN ENCLOSED ENVELOPE

| PATIENT NAME | | BRANDY PENNY | PATIENT ACCT NUMBER | | HF260719643 | | BALANCE DUE | 122.72 |
|---|---|---|---|---|---|---|---|---|
| DATE | CODE | DESCRIPTION OF SERVICE | CHARGE | ADJUSTMENT | INS PYMT | PAT RESP | PAT PYMT | BALANCE |
| 10/18/19 | | NICHOLAS KALLAY | 285.00 | 162.28 | 0.00 | 122.72 | 0.00 | 122.72 |
| | | BLUE CROSS BLUE SHIELD VIRGINIA | | | 0.00 | | | |
| | | (ANTHEM BCBS VA) | | | | | | |
| 10/18/19 | 95806 | SLEEP STUDY UNATT&RESP EFFT | 285.00 | 162.28 | 0.00 | | | |
| | | DEDUCTIBLE | | | | 122.72 | | |
| | | | | | | | | |
| | | | | | 0.00 | | 0.00 | 122.72 |

| | CURRENT | 30 DAYS | 60 DAYS | 90 DAYS | 120 DAYS | TOTAL ACCOUNT BALANCE |
|---|---|---|---|---|---|---|
| INSURANCE | | | | | | 0.00 |
| PATIENT | | | | | 122.72 | 122.72 |

URGENT FINAL NOTICE, PAYMENTS MUST BE RECEIVED WITH IN FIVE (6)
BUSINESS DAYS

PLEASE PAY
THIS AMOUNT   $   122.72

## STATEMENT
SEE REVERSE SIDE FOR IMPORTANT BILLING INFORMATION

1 of 1

131777-STMT-168

# EXHIBIT 4



**PRICE LAW GROUP**
A Professional Corporation

| CALIFORNIA | ARIZONA |
|---|---|
| 6345 Balboa Blvd., Ste. 247 | 8245 N. 85th Way |
| Encino, CA 91316 | Scottsdale, AZ 85258 |
| T: (800) 884-6000 | T: (800) 884-6000 |

March 22, 2021

<u>**VIA USPS**</u>

Sleep Disorder Center of Fredericksburg
521 Park Hill Drive
Fredericksburg, VA 22401-3377

      **Re:    Brandy Penny**

Dear Sir/Madam:

Please be advised that our office has been retained to represent Brandy Penny ("Ms. Penny") with respect to her claims against Sleep Disorder Center of Fredericksburg ("SDCF") for violating the discharge injunction which was entered in her bankruptcy case.

In October 2019, Ms. Penny visited Pulmonary Associates of Fredericksburg ("Pulmonary Associates") for medical care. Pulmonary Associates' office was located at 521 Park Hill Drive in Fredericksburg. During the process of receiving care from Pulmonary Associates, Ms. Penny submitted to a sleep study in the same building on or about October 18, 2019.

Ms. Penny subsequently fell on very hard times. On April 23, 2020, Ms. Penny filed for Chapter 7 bankruptcy protection in U.S. Bankruptcy Court, Eastern District of Virginia, Petition # 20-32040-KLP, and listed Pulmonary Associates as an unsecured creditor in her bankruptcy petition schedules. [Exh. A-1].

The Bankruptcy Court promptly mailed a notice of the bankruptcy case to Pulmonary Associates on April 27, 2020. [Exh. A-2]. The Court ultimately entered a Discharge Order for Ms. Penny and mailed a copy of the Order to Pulmonary Associates on August 14, 2020. [Exh. A-3].

During the summer of 2020, however, SDCF began sending account statements to Ms. Penny demanding payment of $122.72 for the sleep study services rendered in October 2019. One such account statement – dated December 4, 2020 – is attached hereto as Exhibit B.

Ms. Penny was surprised to receive the SDCF account statements. Aside from believing that the sleep study had been part of Pulmonary Associates' services, she understood that any amount owed *to anyone* for the services had been discharged in her bankruptcy.

After unsuccessfully trying several times to get in contact with SDCF at the 540-899-1615 phone number identified in SDCF's account statements, Ms. Penny finally got in touch with an SDCF representative on December 22, 2020. [Exh. C]. During that December 22nd phone call, Ms. Penny explained that she had received a Chapter 7 bankruptcy discharge and no longer owed SDCF anything for its services. She further identified her bankruptcy counsel (Conway Law Firm).

SDCF did not care. SDCF's representative rebuffed Ms. Penny's attempt to provide the phone number for her counsel, quizzically asserted that Pulmonary Associates was a separate entity from SDCF, and indicated that SDCF would continue to send account statements to Ms. Penny. Good as its word, SDCF subsequently sent another account statement dated February 5, 2021. [Exh. D].

SDCF has violated the Discharge Order and is liable therefor. A bankruptcy court's discharge order operates to discharge the debtor "from all debts that arose before the date" of the subject bankruptcy petition. 11 U.S.C. § 727(b). The injunctive effect of a bankruptcy court discharge order is recited in 11 U.S.C. § 524(a)(2), which provides as follows:

> (a) A discharge in a case under this title . . . (2) operates as an injunction
> against the commencement or continuation of an action, . . . or an act,
> to collect . . . any such debt as a personal liability of the debtor,
> whether or not discharge of such debt is waived.

A party who violates the discharge injunction after becoming aware of the discharge order, furthermore, can be held liable for civil contempt damages – including emotional distress and attorney's fees – pursuant to 11 U.S.C. § 105. *See Taggart v. Lorenzen*, 139 S.Ct. 1795 (2019).

Here, SDCF's issuance of its account statements to Ms. Penny after her Discharge Order was entered on August 14, 2020 clearly constituted "act(s)" to "collect" a discharged debt in violation of the Bankruptcy Court's discharge injunction. Even if SDCF somehow did not receive notice of Ms. Penny's bankruptcy through the formal notice sent to Pulmonary Associates, we know for sure that SDCF was notified by Ms. Penny in the December 22, 2020 phone call and nonetheless thereafter sent at least one more account statement demanding payment.

A substantial civil contempt sanction for SDCF's misconduct is likely here. Ms. Penny's bankruptcy was supposed to give her a "fresh start" with her finances. It has been extremely

frustrating to Ms. Penny that SDCF refuses to abide by the discharge injunction/bankruptcy law designed to allow for such a fresh start.

Indeed, Ms. Penny has struggled for several years to control problems with anxiety stemming from her difficult financial situation (and has engaged in therapy to do so). SDCF's misconduct has served to bring those anxieties back to her.

That all said, Ms. Penny is willing to put this matter behind her. Ms. Penny is willing to resolve her claim in return for an $8,000.00 payment. In return, Ms. Penny would release SDCF from all claims and damages related to SDCF's conduct to date, inclusive of attorney's fees and costs incurred.

SDCF, of course, must immediately cease issuing the improper account statements to Ms. Penny. Any further delivery of account statements or attempts to collect the discharged debt from Ms. Penny would constitute distinct violations of the Discharge Order, for which SDCF would remain subject to liability.

Ms. Penny's settlement offer will expire if not accepted in writing on or before **April 9, 2021.** If we do not hear from you by then, we will pursue the bankruptcy discharge injunction violation/civil contempt of court claim against SDCF. At that point, any settlement discussions would need to include higher amounts for accruing attorney's fees and costs.

Thank you for your prompt attention to this matter.

Sincerely,

*/s/ Michael J. Plati*
Michael J. Plati
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
P: (818) 600-5561
E: plati@pricelawgroup.com

cc:    Brandy Penny
       Susan Rotkis, Esq.

3

# EXHIBIT 5

Sleep Disorder Center of Fredericksburg
521 Park Hill Dr
Fredericksburg VA 22401-3377

ANY QUESTIONS PLEASE CALL: 540-899-1615
OFFICE HOURS: 8:30 am - 4:30 pm
paofred.com
TAX-ID: 20-4711646

PATIENT: BRANDY PENNY

BRANDY PENNY
6301 BRACK PENNY RD
RALEIGH NC  27603-8373

| | IF PAYING BY VISA, MASTERCARD, DISCOVER OR AMERICAN EXPRESS, FILL OUT BELOW |
|---|---|
| | ☐VISA  ☐MASTERCARD  ☐DISCOVER  ☐AMER EXP |

| STATEMENT DATE | PAY THIS AMOUNT | ACCOUNT NO. |
|---|---|---|
| 2021-04-16 | 122.72 | 9643 |

CHARGES AND CREDITS MADE AFTER STATEMENT
DATE WILL APPEAR ON NEXT STATEMENT.

SHOW AMOUNT
PAID HERE  $

MAKE CHECKS PAYABLE / REMIT TO:

Sleep Disorder Center of Fredericksburg
521 Park Hill Dr
Fredericksburg VA 22401-3377

☐ Please check box if above address is incorrect or insurance
information has changed, and indicate change(s) on reverse side

## STATEMENT

PLEASE DETACH AND RETURN TOP PORTION WITH
YOUR PAYMENT IN ENCLOSED ENVELOPE

| PATIENT NAME | | BRANDY PENNY | PATIENT ACCT NUMBER | | HF2S0719643 | | BALANCE DUE | 122.72 |
|---|---|---|---|---|---|---|---|---|
| DATE | CODE | DESCRIPTION OF SERVICE | CHARGE | ADJUSTMENT | INS PYMT | PAT RESP | PAT PYMT | BALANCE |
| 10/18/19 | | NICHOLAS KALLAY | 265.00 | 162.28 | 0.00 | 122.72 | 0.00 | 122.72 |
| | | BLUE CROSS BLUE SHIELD VIRGINIA | | | 0.00 | | | |
| | | (ANTHEM BCBS VA) | | | | | | |
| 10/18/19 | 95808 | SLEEP STUDY UNATT&RESP EFFT | 265.00 | 162.28 | 0.00 | | | |
| | | DEDUCTIBLE | | | | 122.72 | | |
| | | | | | | | | |
| | | | | | 0.00 | | 0.00 | 122.72 |

| | CURRENT | 30 DAYS | 60 DAYS | 90 DAYS | 120 DAYS | TOTAL ACCOUNT BALANCE |
|---|---|---|---|---|---|---|
| INSURANCE | | | | | | 0.00 |
| PATIENT | | | | | 122.72 | 122.72 |

URGENT FINAL NOTICE, PAYMENTS MUST BE RECEIVED WITH IN FIVE (5)
BUSINESS DAYS

| PLEASE PAY THIS AMOUNT  $ | 122.72 |
|---|---|

STATEMENT
SEE REVERSE SIDE FOR IMPORTANT BILLING INFORMATION

131777-STMT-152

# EXHIBIT 6



PRICE LAW GROUP
A Professional Corporation

|  |  |
|---|---|
| CALIFORNIA | ARIZONA |
| 6345 Balboa Blvd., Ste. 247 | 8245 N. 85th Way |
| Encino, CA 91316 | Scottsdale, AZ 85258 |

April 27, 2021

**VIA USPS**

Sleep Disorder Center of Fredericksburg
521 Park Hill Drive
Fredericksburg, VA 22401-3377

    **Re:  Brandy Penny**

Dear Sir/Madam:

    This office has been retained to represent Brandy Penny ("Ms. Penny") with respect to her claims against Sleep Disorder Center of Fredericksburg ("SDCF"). SDCF violated the discharge injunction which was entered in Ms. Penny's bankruptcy case.

    On March 22, 2021, we mailed a demand letter to SDCF: a) explaining SDCF's liability for violating the bankruptcy discharge injunction; and b) requesting a response to our settlement demand on or before April 9, 2021. We never heard back from you on the now expired demand.

    My client, however, has since heard from SDCF loud and clear. Last week, Ms. Penny astoundingly received yet another SDCF account statement (dated April 16, 2021) seeking payment on discharged debt in blatant violation of the Bankruptcy Court's discharge injunction.

    A copy of SDCF's April 16, 2021 account statement and another copy of the March 22, 2021 demand letter are enclosed.

    SDCF apparently does not respect the Bankruptcy Court's discharge injunction. We will see what the Bankruptcy Court has to say about that.

Sincerely,

*/s/ Michael J. Plati*
Michael J. Plati
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
P: (818) 600-5561
E:  plati@pricelawgroup.com

cc:     Brandy Penny
        Susan Rotkis, Esq.

# EXHIBIT B

Susan Rotkis, VSB 41693
**PRICE LAW GROUP, APC**
382 S. Convent Avenue
Tucson, AZ 85701
T: (818) 600-5533
F: (818) 600-5433
E: susan@pricelawgroup.com
*Attorneys for Debtor,*
*Brandy N. Penny*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA (RICHMOND)

| | |
|---|---|
| IN RE:<br><br>Brandy N. Penny,<br><br>               Debtor. | Case No.: 20-32040-KLP<br><br>CHAPTER 7<br><br>**DECLARATION OF SANDY PENNY** |

Sandy Penny, under penalty of perjury, hereby declares that the following is true and correct:

1.  I am the mother of Brandy N. Penny.

2.  I have been aware of the stress that Brandy has felt from receiving debt notices from Sleep Disorder Center of Fredericksburg ("SDCF") following the completion of her bankruptcy proceedings.

3. I was with Brandy when she opened one of the mailed debt notices from SDCF. I could see her stress as she explained to me that she should not be receiving such notices because the debt was no longer owed due to her bankruptcy.

4. I also recall occasions when Brandy told me on the phone about SDCF's continuing to send her improper debt notices after her bankruptcy had been completed. Each time that Brandy did so, I could hear the stress in her voice.

Respectfully submitted this ___8th___ day of August, 2021.

By: _____
Sandy Penny

- 2 -

# EXHIBIT C

Susan Rotkis, VSB 41693
**PRICE LAW GROUP, APC**
382 S. Convent Avenue
Tucson, AZ 85701
T: (818) 600-5533
F: (818) 600-5433
E: susan@pricelawgroup.com
*Attorneys for Debtor,*
*Brandy N. Penny*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA (RICHMOND)

| | |
|---|---|
| IN RE: | Case No.: 20-32040-KLP |
| Brandy N. Penny, | CHAPTER 7 |
| Debtor. | **DECLARATION OF DURWOOD PENNY** |

Durwood Penny, under penalty of perjury, hereby declares that the following is true and correct:

1. I am the father of Brandy N. Penny.

2. I have been aware of the stress that Brandy has felt from receiving debt notices from Sleep Disorder Center of Fredericksburg ("SDCF") following the completion of her bankruptcy proceedings.

1

3. Since Brandy moved back to North Carolina, we share the same mailing address and I often bring Brandy her mail.

4. I recall bringing Brandy mail on at least one occasion when she opened one particular correspondence and explained that it was a debt notice from SDCF.

5. I could see that Brandy was stressed as she explained to me that she should not be receiving such notices because the debt was no longer owed due to her bankruptcy.

Respectfully submitted this 4th day of August, 2021.

By: _____
Durwood Penny

- 2 -

## PROOF OF SERVICE

I hereby certify that a true copy of the 1) Exhibit 1 Motion for Contempt; and 2) Exhibits A, B & C Declarations were served via process server upon the registered agent for Sleep Disorder Center of Fredericksburg, PLC; and 2) mailed to the previous Chapter 7 Trustee, Bruce E. Robinson, and the U.S. Trustee per the attached service list.

## SERVICE LIST

**VIA PROCESS SERVER:**
Sleep Disorder Center of Fredericksburg, PLC
c/o O'Conor G Ashby
315 William Street
Fredericksburg, VA 22401

**VIA MAIL:**
Previous Trustee
Bruce E. Robinson
P.O. Box 538
South Hill, VA 23970-0538

U.S. Trustee
John P. Fitzgerald, III
Office of the U.S. Trustee – Region 4 -R
701 E. Broad Street, Ste. 4304
Richmond, VA 23219